UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22700-CIV-UNGARO/SIMONTON

YAMILE A. GOMEZ, et al.,

    Plaintiffs,

v.

PFIZER, INC., et al.,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Presently pending before the Court is Defendant McNeil-PPC, Inc.'s (hereafter McNeil), Motion to Compel Discovery (DE # 44). This motion is fully briefed (DE ## 52, 53). This motion is referred to the undersigned Magistrate Judge (DE # 45). For the reasons stated below, Defendant McNeil's motion is granted.

    I. **Background**

Plaintiffs are proceeding under an eleven-count Second Amended Complaint. In Counts 1, 3, 5, 7, and 9, Plaintiffs allege negligent failure to warn against Defendants. In Counts 2, 4, 6, 8, and 10, Plaintiffs allege strict liability against Defendants, also based on failure to warn. In Count XI, Defendant Manuel Gomez alleges loss of consortium. Specifically, Plaintiffs contend that in July 2005, Plaintiff Yamile Gomez was using Zoloft, as prescribed, when she went to the hospital after having severe headaches. At the hospital, she was treated with Motrin and Tylenol. She then alleges that, based upon the advice of her physician, she continued to use those medications when she went home. Finally, she contends that due to her use of these medications, she was diagnosed with medicine-induced Stevens-Johnson Syndrome (DE # 28).

## II. The Instant Motion

In this motion, Defendant McNeil asks this Court to order Plaintiffs to provide better answers to Interrogatories 7 and 8, in which Plaintiff Yamile Gomez was asked what language she contends should have been used, but was not, in over-the-counter Motrin (Interrogatory 7) and in over-the-counter Tylenol (Interrogatory 8). Plaintiffs responded to both interrogatories that they intended to call an expert witness who would provide the substance of the warnings. McNeil asks this Court to compel Yamile Gomez to state what language, added to the warnings which were on these medications, would have caused her to alter her use of the products (DE # 44). McNeil states that for Plaintiffs to prevail, they must prove proximate cause, in that a different, adequate warning would have changed Yamile Gomez's use of the products (DE # 53 at 1-2).

Plaintiffs responds that they believe the answer to these interrogatories would be best provided through their experts and that Plaintiff Yamile Gomez's testimony on this issue is not appropriate (DE # 52 at 2)

## III. Analysis

McNeil's motion is granted. The parties agree that, in connection with Plaintiffs' failure-to-warn claims, Plaintiffs will have to provide expert testimony regarding the Tylenol and Motrin warnings. However, Defendant McNeil is also entitled to have Plaintiff Yamile Gomez provide a full answer to Interrogatories 7 and 8.

Plaintiffs stated in the Second Amended Complaint that in using over-the-counter Motrin and over-the-counter Tylenol, Plaintiff Yamile Gomez relied on McNeil's warnings, marketing and assurances regarding both medicines (DE # 28 at 11-12, ¶¶61-62; 17 at ¶¶91-92). Because of the approaching end of discovery, on December 3, 2010, McNeil is entitled to propound interrogatories which ask for the facts which support those

contentions. *See* Fed.R.Civ.P. 33(a)(2). The undersigned notes that after the date this dispute first arose the September 2, 2010 deadline for Plaintiff to produce her expert reports has passed. Therefore, McNeil is entitled to have Plaintiffs' answer to the interrogatories as posed by setting forth " all warnings and instructions you contend should have been, but were not, included in the warnings and instructions accompanying the over-the-counter Motrin [Interrogatory 7] and over-the-counter Tylenol [Interrogatory 8], Plaintiffs contend caused the injury. If Plaintiffs contend specific language should have been used, Plaintiffs shall set forth the specific language. If Plaintiffs contend that the "substance" of the warning is what was required, Plaintiffs may so qualify the answer. Plaintiffs are entitled to rely on expert opinion in providing the answers. Nothing in the interrogatories, as read, requests anything more.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant McNeil-PPC, Inc's Motion to Compel Discovery (DE # 44), is **GRANTED**. On or before October 28, 2010, Plaintiffs shall provide Defendant McNeil with better responses to Interrogatories 7 and 8, as stated in the body of the Order.

**DONE AND ORDERED** in chambers in Miami, Florida on October 18, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record